·■    GWENDOLYN LOPEZ, as Administratrix of the Estate of ANTHONY LOPEZ, Deceased, Respondent, and JAMES G. MORROW, JR., et al., Respondents-Appellants, v. KINNEY SERVICE CORP. et al., Appellants-Respondents; ALFRED MANNING, Respondent.   JOHN MACK et Ano., Defendants. — In an action by one plaintiff, Gwendolyn Lopez as administratrix of a decedent's estate, to recover damages for wrongful death and conscious pain and suffering and by the other two plaintiffs, James G. Morrow, Jr. and Walthall Moore, to recover damages for personal injuries, (1) defendants Kinney Service Corp. and Max's Car Rental appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County, entered November 17, 1971, as is against them and in favor of plaintiffs, upon a jury verdict of (a) $125,000 and $1,500 for plaintiff Lopez for the wrongful death and for pain and suffering of her decedent, respectively, (b) $10,000 for plaintiff Morrow and (c) $1,800 for plaintiff Moore; and (2) each of the plaintiffs Morrow and Moore cross-appeals, on the ground of inadequacy, from so much of the judgment as is in his favor against said defendants· and defendant Alfred Manning.   (All· the plaintiffs had also cross-appealed from so much of the judgment as concerned defendant City of New York, but, by their brief, abandoned that cross appeal.) Judgment affirmed insofar as it is in favor of plaintiff Lopez, with costs to said plaintiff against the appealing defendants.   Judgment reversed insofar as it is in favor of plaintiff Morrow, on the law, and new trial granted as to said plaintiff, solely on the issue of damages, with costs to abide the event, and said plaintiff's cause severed, unless, within 30 days after entry of the order to be made hereon, the appealing defendants serve and file in the office of the clerk of the trial court a written stipulation consenting to increase the verdict in favor of said plaintiff to $17,500 and to the entry of an amended judgment accordingly, in which event the judgment insofar as it is in favor of said plaintiff, as so increased and amended, is affirmed, with costs to said plaintiff against the appealing defendants.   Judgment reversed insofar as it is in favor of plaintiff Moore, on the law, and new trial granted as to said

plaintiff, solely on the issue of damages, with costs to abide the event, and said plaintiff's cause severed, unless, within 30 days after entry of the order to be made hereon, the appealing defendants serve and file in the office of the clerk of the trial court a written stipulation consenting to increase the verdict in favor of said plaintiff to $3,000 and to the entry of an amended judgment accordingly, in which event the judgment insofar as it is in favor of said plaintiff, as so increased and amended, is affirmed, with costs to said plaintiff against the appealing defendants. Plaintiff Morrow, a young man about 23 years of age at the time of the accident, lost seven front teeth and four months' wages. His special damages amounted to about $3,360. Plaintiff Moore, a young man 23 years old, suffered residual scarring at the left eye and the outside edge of his right hand after 14 stitches were removed. In our opinion, the awards to these two plaintiffs were inadequate to the extent indicated herein. We hold that the trial court's charge to the jury correctly stated the law on permissive use and the quantum of evidence in a death action. Hopkins, Acting P. J., Munder, Shapiro and Gulotta, JJ., concur; Benjamin, J., not voting.